O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARBEL ELKHOUEIRY,<br><br>            Plaintiff,<br><br>    v.<br><br>LARRY N. SCHROEDER; SUSAN L. SCHROEDER; GAINEY CORPORATION; GAINEY TRANSPORTATION SERVICE, INC.; NATIONAL AMERICAN INSURANCE COMPANY; F.A. RICHARD & ASSOCIATES; MANDEVILLE CLAIMS; DOES 1 TO 10, inclusive,<br><br>            Defendants. | Case No. EDCV 08-1067-VAP (OPx)<br><br>**[Motion filed on September 15, 2008]**<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

    The Motion to Dismiss ("Motion") filed by Defendants F.A. Richard & Associates, Inc., and Mandeville Claims (collectively referred to here as "FARA" or "Defendant"[1]) came before the Court for hearing on October 27, 2008. After reviewing and considering all papers filed in

---

[1] F. A. Richard & Associates claims that it was improperly sued as "Mandeville Claims" and refers to both entities collectively as "FARA." (Mot. 1.)

support of the Motion, as well as the arguments advanced by counsel at the hearing,[2] the Court GRANTS Defendant's Motion to Dismiss with leave to amend; Plaintiff may file an amended complaint no later than 4:00 p.m. on Friday, October 31, 2008.

## I. BACKGROUND
**A. Facts**

Accepting all the facts in the Complaint ("Compl.") of plaintiff Charbel Elkhoueiry ("Plaintiff") as true, Plaintiff was injured in a collision in Ohio by defendants Larry and Susan Schroeder ("the Schroeders") who were driving a "2005 Freight Columbia," a "tractor/trailer vehicle." (Compl. ¶¶ 1, 5, 8.) Defendants Gainey Corporation and Gainey Transportation Services, Inc. ("the Gainey entities") "were the agents, services [*sic*], and employees" of the Schroeders. (Compl. ¶ 2.) Plaintiff does not allege the role played by defendant National American Insurance Company.

Plaintiff also brings a claim against movant F.A. Richard & Associates, Inc., and Mandeville Claims (collectively referred to here as "FARA" or "Defendant"[3]). (Compl. ¶¶ 1, 3.) Plaintiff sues FARA as

---

[2] Plaintiff's counsel did not file opposition to the Motion nor appear at the hearing on the Motion.

[3] F. A. Richard & Associates claims that it was (continued...)

"insurers and/or adjusting companies and indemnitees" although Plaintiff fails to name the insured individuals or entities.  (Compl. ¶ 3.)

Plaintiff is a citizen of California; the Schroeders are citizens of Missouri; the Gainey entities are citizens of Michigan; FARA is a citizen of Louisiana; the citizenship of National American Insurance Company is not alleged; the collision occurred in Ohio.  (Compl. ¶¶ 1, 5, 8.)

**B.  Procedural History**

Plaintiff filed suit with this Court on August 7, 2008.  Defendant FARA filed a Motion to Dismiss ("Mot.") pursuant to Fed. R. Civ. P. 12(b)(6) on September 15, 2008.  Plaintiff filed no opposition to the Motion and did not appear at the October 27, 2008 hearing.[4]

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules

---

[3](...continued) improperly sued as "Mandeville Claims" and refers to both entities collectively as "FARA."  (Mot. 1.)

[4] At the hearing, counsel for FARA stated that he spoke with Plaintiff's counsel twice regarding the Motion and that Plaintiff's counsel did not indicate interest in amending her complaint.

3

require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S. Ct. 1955, 1964 (2007). In addition, the Court must accept all material allegations in the complaint -- as well as any reasonable inferences to be drawn from them -- as true. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S. Ct. at 1964-65 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

This Motion is unopposed. Under Local Rule 7-9, a party must file opposition papers no later than 14 days before the date designated for the hearing of the motion.

Failure to do so, under Local Rule 7-12, may result in a finding that the party has consented to granting the motion. Despite Plaintiff's failure to file Opposition, the Court considers the merits of Defendant's Motion to Dismiss.

### III. DISCUSSION

**A. Plaintiff Fails to State a Claim on Which Relief Can Be Granted**

Plaintiff seeks recovery against FARA based on FARA's status as the "insurer[]" of unnamed individuals or entities "and/or adjusting compan[y] and indemnitee[]" for the same. (Compl. ¶ 3.) Plaintiff also alleges that FARA is a "necessary part[y]." (Compl. ¶ 3.)

Defendant FARA asserts that Plaintiff's claim should be dismissed (1) because Plaintiff "does not allege any relationship, event, or transaction that would give rise to a claim;" (2) because "[n]othing in the complaint explains why FARA is a necessary party to the lawsuit"; and (3) because direct suit by an injured person against an insurer is improper. (Mot. 3.)

**1. Failure to Allege a Connection Between FARA and the Collision**

Defendant's first argument is convincing. Plaintiff's Complaint fails to comply with Fed. R. Civ.

P. 8(a)(2) because it fails to allege any connection between FARA and Plaintiff's injury. (<u>See</u> Compl. ¶¶ 2-3, 5, 8); <u>see</u> Fed. R. Civ. P. 8(a)(2). The Complaint as written does not clearly state whether Defendant is an insurer, a claims adjustor, or both; the Complaint does not state who or what was insured or which claims were adjusted and how those actions are connected with Plaintiff's injuries. The Complaint as written fails to state a claim on which relief can be granted.

**2.   Failure to Allege Facts under which FARA would be a Necessary Party**

Defendant's second argument is also persuasive. As the Complaint fails to allege a connection between FARA and the accident, the Complaint also does not explain why FARA has the kind of connection to the collision sufficient to make FARA a necessary party. <u>See</u> Fed. R. Civ. P. 19.

**3.   Direct Suit by Injured Person Against Insurer May be Permissible**

Defendant's third argument, that Plaintiff's suit against FARA is improper because no judgment has been obtained against an insured, is unpersuasive because it assumes that FARA is the insurer for some entity named in the Complaint or otherwise connected to the collision on

1  which Plaintiff brings suit.  This is not established by
2  the Complaint, as discussed above.
3
4       As the Complaint in its current form alleges no
5  connection between FARA and the collision, however, the
6  Court GRANTS defendant FARA's Motion.
7
8  **B.   The Court Grants Plaintiff Leave to Amend the**
9  **      Complaint no later than 4:00 Friday, October 31, 2008**
10      "Dismissal without leave to amend is improper
11 unless it is clear that the complaint could not be saved
12 by any amendment."  Polich v. Burlington Northern, Inc.,
13 942 F.2d 1467, 1472 (9th Cir. 1991).  Plaintiff has
14 failed to oppose this Motion, let alone set forth any
15 facts which she could add to state a claim against the
16 moving Defendant.  See In re Silicon Graphics Inc. Sec.
17 Litig., 183 F.3d 970, 991 (9th Cir. 1999) (citing In re
18 VeriFone Sec. Litig., 11 F.3d 865, 872 (9th Cir. 1993))
19 (dismissing without leave to amend when plaintiffs failed
20 to allege additional facts which might cure defects in
21 complaint).  Nevertheless, as the Ninth Circuit strongly
22 favors allowing amendment, see Royal Ins. Co. of America
23 v. Southwest Marine, 194 F.3d 1009, 1016 (9th Cir. 1999)
24 (quoting Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir.
25 1994)), in the interests of justice, the Court will
26 permit Plaintiff a short period of time in which to amend
27
28

her claims against the moving Defendant.[5]  If an Amended Complaint is not timely filed, the moving Defendant will be dismissed from this action.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS FARA's Motion WITH leave to amend.

Dated:   October 28, 2008                    _____
                                              VIRGINIA A. PHILLIPS
                                              United States District Judge

---

[5] Providing a short window in which to file an amended Complaint is appropriate because Plaintiff did not: (1) request leave to amend; (2) file any opposition to the Motion; (3) appear at the hearing on the Motion.  At the hearing on October 27, 2008, Defendant's counsel represented to the Court that he met and conferred with Plaintiff's counsel twice in an attempt to avoid this Motion.  On both occasions, Plaintiff's counsel was uninterested in filing a First Amended Complaint.