1

JS - 6

2

3

O

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | CHARBEL ELKHOUEIRY,          )    Case No. EDCV 08-1067-VAP
                                  )    (OPx)
12 |              Plaintiff,      )
                                  )    **[Motion filed on October 13,**
13 |      v.                      )    **2008]**
                                  )
14 | LARRY N. SCHROEDER;          )    **ORDER GRANTING MOTION FOR**
   | SUSAN L. SCHROEDER;          )    **CHANGE OF VENUE**
15 | GAINEY CORPORATION;          )
   | GAINEY TRANSPORTATION        )
16 | SERVICE, INC.; NATIONAL      )
   | AMERICAN INSURANCE           )
17 | COMPANY; ~~F.A. RICHARD &~~  )
   | ~~ASSOCIATES; MANDEVILLE~~   )
18 | ~~CLAIMS~~; DOES 1 TO 10,    )
   | inclusive,                   )
19 |                              )
   |              Defendants. )
20 | _____ )

21

22       Gainey Corporation and Gainey Transportation Service

23   Inc.'s (collectively "Defendant") Motion for Change of

24   Venue came before the Court for hearing on November 3,

25   2008.  Plaintiff did not appear through his counsel nor

26   did he file any opposition.  After reviewing and

27   considering all papers filed in support of the Motion, as

28

1  well as the arguments advanced by counsel at the hearing,

2  the Court GRANTS the Motion for Change of Venue.

3

4      The Court grants Defendant's motion for transfer of

5  venue because Plaintiff has not opposed the Motion and

6  private and public factors weight in favor of

7  adjudicating this dispute in Ohio, where the dispute

8  occurred.

9

10  **A.   Venue is Improper in the Central District of**

11      **California**

12      Plaintiff satisfied none of the requirements of 28

13  U.S.C. § 1391 when he filed suit here.  As to 28 U.S.C. §

14  1391 (a) and (b), Plaintiff did not allege that a

15  defendant resided in California nor that the collision

16  took place in California.  As to 28 U.S.C. § 1391(c), the

17  Central District of California was not a proper venue

18  because there was another district where the action could

19  have been brought: the district where the collision

20  occurred.  See 28 U.S.C. § 1391(b)-(c).

21

22  **B.   Venue is Proper in the Southern District of Ohio**

23      The factors outlined in Jones v. GNC Franchising,

24  Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) indicate

25  transfer is appropriate: several factors weigh in favor

26  of transfer, several affect the balance neither one way

27

28

or another, and none weigh in favor of maintaining the
action here.

### 1. Venue is Proper in Ohio Because This Action Could have Been Brought There

Venue is proper under section 1391 of Title 28 in "a
judicial district in which a substantial part of the
events or omissions giving rise to the claim occurred   .
. ."  Venue is proper in the Southern District of Ohio
because the collision occurred there.

### 2. Private and Public Factors Weigh in Favor of Change of Venue to Ohio

The factors in the <u>Jones</u> test weigh strongly in favor
of transfer.

#### (1) The location where the relevant agreements were negotiated and executed

This factor does not apply to this controversy.

#### (2) The state that is most familiar with the governing law

This factor is neutral.  Upon transfer, the Ohio
court would apply the same choice-of-law rules that a
California court would apply, which could be the law of
the state where the accident occurred.

1        **(3) The Plaintiff's choice of forum**

2      Ordinarily this factor would weigh in favor of

3    California, where the Plaintiff resides and chose to file

4    suit.   Here, however, Plaintiff did not oppose the

5    Motion.

6

7        **(4) The respective parties' contacts with**

8             **the forum**

9      This factor weighs heavily in favor of transfer.   The

10   only contact that all the parties share is a collision in

11   Ohio.   In contrast, the only contact between California

12   and this case, according to the Complaint, is that

13   Plaintiff lives here.

14

15       **(5) The contacts relating to the**

16         **Plaintiff's cause of action in the**

17         **chosen forum**

18     This factor weighs heavily in favor of transfer.

19   Plaintiff's contact with Ohio is the collision there, the

20   event on which Plaintiff brings suit.   It is fair to

21   transfer Plaintiff's case when his contact with that

22   forum is the event on which he brings suit.

23

24       **(6) The differences in the costs of**

25         **litigation in the two forums**

26     This factor is neutral.   Litigation costs for all

27   parties will be lower in Ohio than California because any

28

1  non-party witnesses are likely to be located in Ohio, as

2  discussed below.

3

4      Otherwise, litigation costs for the Plaintiff will be

5  higher in Ohio as his attorney's address on the Complaint

6  is in Los Angeles, California.  Litigation costs will not

7  necessarily be lower for the other parties in Ohio, as

8  none of them are residents of Ohio: the Schroeders are

9  citizens of Missouri; the Gainey entities are citizens of

10 Michigan; FARA is a citizen of Louisiana.  (Compl. ¶ 1.)

11

12

13         **(7) The availability of compulsory process**

14               **to compel attendance of unwilling**

15                     **non-party witnesses**

16     This factor weighs strongly in favor of transfer.  As

17 Defendant points out, "[o]btaining compulsory process for

18 the attendance of unwilling witnesses will be much less

19 expensive in their resident state."  (Mot. 7.)

20

21         **(8) The ease of access to sources of proof**

22     This factor weighs strongly in favor of transfer.  As

23 Defendant points out**, "**[p]olice officers, emergency

24 personnel, local bystanders and other eyewitnesses will

25 make up a good deal of the witness list.  The expense of

26 obtaining both deposition and trial testimony from these

27

28

1  individuals will be alleviated by the case being venued
2  in Ohio. . . "  (Mot. 7.)

3

4      As described above, no factor weighs strongly in
5  favor of maintaining the action before this Court.  Some
6  of Plaintiff's litigation costs will increase if the case
7  is transferred, but others will remain the same (cost of
8  taking depositions) or be decreased (cost of obtaining
9  witnesses for trial).  As Plaintiff has not opposed the
10  Motion, the Court may assume that Plaintiff's judgment is
11  that transfer will not cause a hardship to Plaintiff.

12

13      Accordingly, the Court GRANTS Defendant's motion to
14  transfer venue.

15

16

17

18

19  Dated: <u>November 7, 2008</u>

20                    VIRGINIA A. PHILLIPS
                    United States District Judge
21

22

23

24

25

26

27

28

6